ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 108-054 |
| | ) | |
| ALPHONZO GREEN | ) | |

**ORDER**

Defendant Alphonzo Green filed a "Motion to Allow Filing of Motions Outside of Time or Within an Appropriately Extended Time Period." (Doc. no. 23). To the extent Defendant is requesting an indefinite extension of time to file his pre-trial motions, that request is **DENIED**. The Court ordered that all motions in this case were to be filed within ten (10) days of the date of arraignment and that untimely motions would not be considered absent a showing of good cause for failure to file within the time set by the Court. This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

Defendant also filed a "Motion for Notice by the Government of the Intention to Use Evidence." (Doc. no. 27). Defendant filed this motion to require the government to give notice of its intention to use any evidence in its evidence-in-chief at trial which Defendant is entitled to discover under the Federal Rules of Criminal Procedure. Defendant seeks an opportunity to suppress any such evidence, attack the relevancy and materiality of such evidence, and review such evidence. The Court is aware of the government's policy in this case to provide "open file" discovery, a policy which results in disclosure of documents and

things not required to be disclosed pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure. This should effectively eliminate any possibility of surprise. Therefore, the motion is **DENIED**.

Defendant next moves for independent examination of physical evidence in the case. (Doc. no. 26). This motion is **GRANTED**, subject to the following terms and conditions:

(a) Counsel for Defendant must determine which items of physical evidence he wishes to have tested or examined by experts of his own choosing and submit a list of such items to the government;

(b) Counsel for Defendant shall confer with the government's attorney to work out the availability of substances or materials to be tested;

(c) Any testing by experts on behalf of Defendant must be completed within fifteen (15) days of the date of this Order;

(d) A representative of the government qualified in the field of such testing shall be present to observe the testing procedures and technique used by Defendant's experts. In addition, testing shall not be performed without the presence of the government's technical observer; and

(e) A copy of the test or laboratory results obtained by Defendant's experts shall be served upon the government's representative not later than five (5) days after conducting the actual test.

Defendant also filed two motions to preserve evidence, including rough notes of agents. (Doc. nos. 21, 25). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later

during trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. The motions are **GRANTED**. The government is required to preserve all evidence in this case.

Lastly, Defendant filed two motions to suppress.[1] In the "Preliminary Motion to Suppress Wiretaps," Defendant requests that the Court enter "an order suppressing the contents of wire communication and all evidence derived therefrom which resulted from court-authorized wire interceptions" and then lists several general allegations of wrong-doing without the benefit of citation to any supporting evidence or an affidavit from Defendant. (Doc. no. 28). The motion concludes with a request for an evidentiary hearing. (Id. at 3). Defendant also filed a "Motion to Suppress Search of House," in which he challenges search warrants authorizing the search of his residence and the seizure of certain property. (Doc. no. 29). Notably, although there is no specific factual detail supporting the motion, Defendant requests that the Court hold an evidentiary hearing on the motion (id. at 4-5), presumably to develop sufficient facts to support Defendant's general allegations.

The decision to grant or deny a request for an evidentiary hearing on a motion to suppress is left to the Court's discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984) (*per curiam*). "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994)

---

[1] The Court is aware that Defendant has various other pre-trial and discovery motions pending. Those motions will be addressed, as necessary, by separate order.

3

(affirming denial of a motion for evidentiary hearing on motion to suppress) (citation omitted).

A district court should grant a request for an evidentiary hearing when the moving papers, including the affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (quoting United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972)). However, a district court is not compelled to grant an evidentiary hearing when a defendant promises to allege at a hearing what he has failed to allege in his motion papers. Cooper, 203 F.3d at 1285. Thus, the burden is upon Defendant to allege facts that would, if proven true, entitle him to relief. Lewis, 40 F.3d at 1332. This Court has a Local Rule that addresses the proper means by which to allege those facts:

> Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted.

Loc. Crim. R. 12.1.

In this case, Defendant, through counsel, contends that wiretaps were improperly used in this case and that officers improperly obtained search warrants and directed that an improper search of his residence be conducted. There are no citations to the record to support Defendant's allegations, and there is no affidavit from Defendant to support his

4

version of events presented in the motions.[2] Because Defendant's attorney has no first-hand knowledge of the process by which the contested wiretaps and/or warrants were obtained or how the contested wiretaps and search(es) were carried out, he is unable to create issues of fact that would necessitate an evidentiary hearing. In sum, the motions to suppress, filed without an affidavit in support from Defendant and without any specific evidentiary support, do not satisfy Defendant's burden of coming forward with allegations that are sufficiently definite, specific, detailed, and nonconjectural to cause the Court to conclude that a substantial claim exists.

Accordingly, the Court finds no reason to schedule this matter for a hearing unless and until Defendant files an appropriate affidavit and/or evidentiary support for his motions to suppress. If Defendant intends to file one or more motions to suppress in compliance with Loc. Crim. R. 12.1, he should do so no later than **ten (10) calendar days** from the date of this Order. The supporting affidavit(s) should set forth the specific factual allegations upon which Defendant bases his contention that his rights were violated, and if the alleged violations involved a search, that he had a legitimate expectation of privacy in the property searched. Rawlings v. Kentucky, 448 U.S. 98, 104-05 (1980) (citing Rakas v. Illinois, 439 U.S. 128, 131 n.1 (1978)). To establish a legitimate expectation of privacy, "a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable," that is, recognized and permitted by society. Minnesota

---

[2]With respect to the search of Defendant's residence, Defendant references an affidavit and search warrant "attached hereto as exhibit 'A' and 'B'" (doc. no. 29, p. 2), but there are no exhibits attached to the motion; nor are citations provided where those documents can be located in the record.

5

v. Carter, 525 U.S. 83, 88 (1998). If the motions are not particularized within this ten-day period, the cause requirement set forth in the Court's June 5, 2008 Arraignment Order, (doc. no. 13, p. 1), shall apply.

SO ORDERED this 24th day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE