IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ALPHONZO GREEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 110-021 |
| | ) (Formerly CR 108-054) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] The focus of Petitioner's objections is his disagreement with the Magistrate Judge's decision to credit the testimony of Mr. Jacque Hawk, Petitioner's retained attorney in the underlying criminal proceedings, over that of Petitioner. (See doc. no. 26.) However, as the Magistrate Judge explained, "Generally, when the testimony conflicts, the Court, as fact finder and ultimate judge of the credibility and demeanor of witnesses, must believe one witness over the other. More specifically, the determination of the credibility of a testifying attorney during an evidentiary hearing on a claim of ineffective assistance of counsel is a matter within the Court's good discretion." (Doc. no. 17, pp. 16-17 (internal quotation marks and citations omitted).) Petitioner offers nothing in his objections to cause this Court to disturb the Magistrate Judge's credibility determinations.

---

[1] Petitioner sought and received two extensions of time to file his objections. (Doc. nos. 19, 20, 24, 25.)

In sum, having considered all of the objections, the Court determines them to be without merit. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's § 2255 motion is **DENIED**.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Clerk is directed to **CLOSE** this civil action and **ENTER FINAL JUDGMENT** in favor of the United States of America.

SO ORDERED this 22nd day of December, 2010, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.